UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**OLD NAVY, LLC**,                                          Civil Case No. 3:11-472-KI

                              Plaintiff,          OPINION AND ORDER ON
                                                  ATTORNEY FEES, BILL OF
          v.                                      COSTS, AND AMENDING THE
                                                  JUDGMENT
**CENTER DEVELOPMENTS OREG.,
LLC**,

                              Defendant.


          Robert C. Weaver, Jr.
          Adam R. Kelly
          Garvey Schubert Barer
          Eleventh Floor
          121 S.W. Morrison Street
          Portland, OR 97204-3141

                    Attorneys for Plaintiff


Page 1 - OPINION AND ORDER

Dwain M. Clifford
Ball Janik LLP
101 SW Main St., Ste. 1100
Portland, OR 97204-3219

     Attorney for Defendant

KING, Judge:

On June 13, 2012, I signed an Opinion and Order granting Old Navy's motion for summary judgment, and I signed the Judgment in Old Navy's favor in the amount of $572,480.72, plus interest at the rate of .18%, and attorney fees to be determined. I also denied Center Developments Oreg., LLC's ("CDO") cross-motion for summary judgment and dismissed its affirmative defenses and counterclaims with prejudice. I directed the parties to confer about the amount of Old Navy's attorney fees and costs and to submit a proposed order within 14 days. Alternatively, I ordered, "[i]f the parties are unable to agree, Old Navy's [sic] shall submit a motion for attorney's fees and costs within 14 days and CDO shall file a response within 7 days." O&O 21. The Opinion and Order and the Judgment were not "entered" until the next day.

Pending before me are Old Navy's Motion for Attorney Fees [57] and Bill of Costs [63]. Old Navy seeks $210,988.83 in attorney fees (including $6,000 estimated for final resolution of issues in the case) and $1,052.07 in related nontaxable expenses. It also seeks $13,093.92 in costs. Also pending before me is Old Navy's Motion to Correct or, Alternatively, Amend Judgment [60] to add pre-judgment interest in the amount of either $136,999.23 (pursuant to a provision in the Lease) or $108,295.51 (under ORS 82.010). CDO objects to the amount of attorney fees and costs requested by Old Navy, and disputes that Old Navy is entitled to pre-judgment interest.

Page 2 - OPINION AND ORDER

## LEGAL STANDARDS

I.    <u>Attorney Fees</u>

"In a diversity case, the law of the state in which the district court sits determines whether

a party is entitled to attorney fees[.]"  <u>Carnes v. Zamani</u>, 488 F.3d 1057, 1059 (9th Cir. 2007).

Under Oregon law, the "party that prevails" in a contract dispute is entitled to "reasonable

attorney fees in addition to costs and disbursements" if the contract specifically provides for

them.  ORS 20.096(1).  Here, the contract allows for "costs of suit and reasonable attorney's

fees," and Old Navy is the prevailing party.  Compl. Ex. 1, Art. 27.11.  The only remaining

inquiry is whether Old Navy's request is reasonable.  <u>Benchmark Nw., Inc. v. Sambhi</u>, 191 Or.

App. 520, 523, 83 P.3d 348 (2004).

The following factors are relevant to determining the reasonableness of the fees to which

a party is entitled by contract.  <u>Hanna Ltd. P'ship v. Windmill Inns of Am., Inc.</u>, 223 Or. App.

151, 165 n.7, 194 P.3d 874 (2008).

> (1)  A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:
>
> > (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> >
> > (b) The objective reasonableness of the claims and defenses asserted by the parties.
> >
> > (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> >
> > (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

(h) Such other factors as the court may consider appropriate under the circumstances of the case.

(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

ORS 20.075(1)-(2).

Page 4 - OPINION AND ORDER

Under Oregon law, "[r]easonable attorneys' fees include such costs as photocopies, computer-aided research, and deposition costs that are directly billed to and paid for by the client." Robinowitz v. Pozzi, 127 Or. App. 464, 470-71, 872 P.2d 993 (1994). Additionally, Federal Rule of Civil Procedure 54(d)(2)(A) allows for the recovery of "nontaxable expenses" when they are not recoverable as taxable costs under 28 U.S.C. § 1920, but when they are typically charged to a fee-paying client. Chalmers v. City of L.A., 796 F.2d 1205, 1216 n.7 (9th Cir. 1986), amended by 808 F.2d 1373 (9th Cir. 1987).

II.     Costs

An award of costs is generally governed by federal law. In re Merrill Lynch Relocation Mgmt., Inc., 812 F.2d 1116, 1120 n.2 (9th Cir. 1987). Federal Rule of Civil Procedure 54(d)(1) provides, in part: "Unless a federal statute, these rules or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Expenses which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920, as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

However, the discretion to grant costs does not include the authority to tax costs beyond those authorized by statute or contract. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987). Thus, the discretion granted under Rule 54(d) allows a court to decline to tax costs, but does not authorize a court to award excess costs in the absence of a "specific congressional command." <u>Id.</u> at 442. Nevertheless, <u>Crawford</u> "did not prevent courts from interpreting the phrases used in § 1920." <u>Alflex Corp. v. Underwriters Lab., Inc.</u>, 914 F.2d 175, 178 (9th Cir. 1990) (citation omitted) (per curiam).

III.    <u>Amending the Judgment</u>

Under Federal Rule of Civil Procedure 60(a), the court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record."

///

///

///

**DISCUSSION**

This case involved what I found to be clear and unambiguous Lease provisions. I held in favor of Old Navy, finding it was entitled to pay Alternate Rent under the clear terms of the Lease and, as a result, was entitled to a judgment in the amount of

$572,480.72.  Nevertheless, I think CDO's characterization of the judgment as a "windfall" is somewhat accurate.  While there is no question in my mind that Old Navy is entitled to judgment in its favor, Old Navy conceded it was "unaware" of any actual damages it suffered as a result of the closure of the Key Store triggering this lawsuit.  See Clifford Decl. in Supp. of CDO's Mot. for Summ. J. Ex. 22, Ravel Dep. 101:23-103:2 [30].  Additionally, just as I could not read the terms of the Lease "leniently" as CDO asked, so must I strictly interpret the requirements for attorney fees, costs, and pre-judgment interest.

I.      Attorney Fees and Costs

     A.      Timeliness

CDO contends Old Navy's attorney fees motion and Bill of Costs should be denied as untimely.  I ordered Old Navy to file its motion for attorney fees "within 14 days" if the parties were unable to agree on an amount.  I signed the Opinion and Order on June 13, but it was not entered on the docket until June 14.  Old Navy filed its motion on June 28.  As Old Navy points out, the Court did not serve the parties with a copy of the Opinion and Judgment until June 14 when the documents were entered on the docket.  It was not my intention to give Old Navy 13 days to file its motion.  Furthermore, Federal Rule of Civil Procedure 54(d) provides that a claim for attorney fees must be made by motion and must "be filed no later than 14 days after the *entry* of judgment."  I intended my order to be consistent with this rule.  I find the motion and Bill of Costs to be timely.

     B.      Amount of Attorney Fees

Page 7 - OPINION AND ORDER

Old Navy seeks $210,988.83 in attorney fees (including $6,000 estimated for final resolution of pending issues in the case) and, pursuant to Federal Rule of Civil Procedure 54(d)(2)(A) and state law, $1,052.07 in expenses not taxable under 28 U.S.C. § 1920.

Under ORS 20.075, in evaluating whether Old Navy's attorney fee request is reasonable, I consider the eight factors in subsection (1) and the eight factors in subsection (2). The first seven factors in subsection (1) are either neutral or irrelevant, and neither party points to any additional considerations I should evaluate under factor (h).

With respect to subsection (2), I note factor (c) directs me to consider the "fee customarily charged in the locality for similar legal services." To do that, I consult the Oregon State Bar's Economic Survey from 2007, in which the hourly rate for one of Old Navy's attorneys falls below the 75th percentile for attorneys practicing in the Business/Corporate Litigation area, as well as below the rates charged by attorneys with similar years of practice. Similarly, the hourly rate for Old Navy's lead attorney falls squarely between the 75th and 95th percentile, both for attorneys practicing in the Business/Corporate Litigation area and by years of practice. Oregon State Bar, 2007 Economic Survey 28-29, available at http://www.osbar.org/_docs/resources/07EconSurvey.pdf. Accordingly, Old Navy's attorneys' hourly rates are appropriately calculated for each attorney's experience level and I find no need to adjust them.

Page 8 - OPINION AND ORDER

Factors (d) and (h) weigh in favor of Old Navy's attorneys as they were fully successful in their efforts, and their lead attorney has vast experience and a top-notch reputation. Factors (b), (e), (f) and (h) are either neutral or irrelevant.

In the end, factor (a) is most crucial to my consideration of Old Navy's motion. In evaluating the "time and labor required in the proceeding," I think a comparison of Old Navy's and CDO's attorney fees is a helpful measure to some extent–particularly when both sides were performing the same tasks in undertaking discovery and in filing cross-motions for summary judgment. For example, Old Navy spent 255 hours on summary judgment-related tasks, while CDO spent 100 hours. As CDO points out, the parties had the same law and the same documents at their disposal, but Old Navy spent more than twice as long preparing its summary judgment submissions.

CDO also argues that it spent fewer than 35 hours responding to Old Navy's document requests, producing over 21,000 documents, while Old Navy spent 134 hours, producing only 2,395 documents. I do take note of the disparity, although this reason alone does not cause me to reduce Old Navy's fee request. The time invested by Old Navy to produce fewer documents may have meant Old Navy better separated the wheat from the chaff. Furthermore, as Old Navy explains, it was required to review large numbers of documents because The Gap, Inc., of which Old Navy is a subsidiary, combines some of its services to its more than 3,000 retail stores. As a result, counsel had to work with approximately 15 records custodians in responding to CDO's discovery requests.

Page 9 - OPINION AND ORDER

Another consideration under factor (a) weighs in favor of a fee reduction–the "novelty and difficulty of the questions." The primary issues presented on summary judgment were not complex, requiring only an interpretation of the meaning of the Lease and a determination about whether one of the provisions was a liquidated damages clause. No particular skill or expertise was required and Old Navy had the easier case to make on both issues. I conclude the total hours incurred were more than necessary.

In sum, a reduction of 15 percent is appropriate, to account for the undue summary judgment-related time and the fact that the fees requested are high in light of the fairly straightforward legal issues presented.[1] Applying the reduction, Old Navy is entitled to $179,340.51 in attorney fees.

Additionally, Old Navy is not entitled to $1,052.97 in related nontaxable expenses because it failed to provide any documentation substantiating the travel, lodging, meals and transportation costs. Corridean v. Restore Finan. Servs. Network, LLC, No. CV-06-524-HU, 2007 WL 1989622, at *4 (D. Or. July 6, 2007) (request for nontaxable expenses "not properly supported as reasonable and necessary"). Finally, Old Navy asks that I consider its $8,472.03 expense to a third-party vendor to process electronically-stored documents as a nontaxable expense, if I deny it as a cost under 28 U.S.C. § 1920. Since Old Navy has failed to provide documentation of the expense and failed to attest that it was a cost it would typically bill its fee paying client, I will not award recovery of this expense.

C.      Bill of Costs

---

[1]CDO represents that its fees totaled $137,500.

Old Navy seeks $13,093.92 in costs pursuant to 28 U.S.C. § 1920.  CDO objects, arguing Old Navy did not comply with Local Rule 54-1(a)(1) because it did not "file an affidavit and appropriate documentation" in support of its Bill of Costs.  Old Navy filed an affidavit in support of its attorney fees in which it referenced the need for copies and the use of two third-party vendors to copy documents and to electronically process documents, but I have, for example no documentation with which to assess the cost per page, the cost for labor, and whether any of the copies were made for the convenience of the attorneys.  See Kelly v. U.S. Bank, No. CV-08-1421-AC, 2011 WL 2934023, at *2 (D. Or. June 21, 2011) (no supporting documentation); Corridean, No. CV-06-524-HU, 2007 WL 1989622, at *4 (same holding; also describing messenger fees and postage as not recoverable under § 1920); Symantec Corp. v. CD Micro, Inc., No. CV-02-406-KI, 2005 WL 1972563, at *5 (D. Or. August 12, 2005) (denying copy costs due to lack of documentation explaining purpose for copies); Hunt v. City of Portland, No. CV-08-802-AC, 2011 WL 3555772, at *12 (D. Or. Aug. 11, 2011) (labor for third-party vendor to scan, copy and number documents not recoverable); Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 171-72 (3rd Cir. 2012) (only certain tasks constituted "copying;" other services performed by electronic discovery vendor were not recoverable under § 1920).

Old Navy's Bill of Costs is denied.

II.    Amend the Judgment

Page 11 - OPINION AND ORDER

Old Navy seeks an amendment of the Judgment to allow for pre-judgment interest. While I believe there are questions as to whether the facts of this case justify pre-judgment interest, I do not have to reach that issue because I conclude Old Navy failed to adequately plead its entitlement to pre-judgment interest.

Facts sufficient to state a claim for pre-judgment interest must be specifically pled in the plaintiff's complaint, and a specific request for pre-judgment interest must be pled in the prayer of the complaint, before pre-judgment interest may be awarded. See Emmert v. No Problem Harry, Inc., 222 Or. App. 151, 158, 192 P.3d 844 (2008); S-Tronix v. Submedia, LLC, No. CV-08-272-PK, 2010 WL 331785, at *5 (D. Or. Jan. 28, 2010) (complaint read "S-Tronix is entitled to recover pre-judgment interest"); PacifiCorp v. Nw. Pipeline GP, __ F. Supp. 2d __, 2012 WL 2903976 (D. Or. July 16, 2012) (complaint does not seek interest); Brinker v. Chambers, No. CV-09-1342-SU, 2011 WL 1344122 (D. Or. Mar. 2, 2011) (pled "prejudgment interest").

Although Old Navy contends its Complaint "clearly requested prejudgment interest," I find only a request for "interest." Compare Mem. in Supp. of Pl.'s Mot. to Correct 2 with Compl. ¶ 27 (prayer for damages of "not less than $526,000, plus interest"). Furthermore, it did not identify the Lease as the basis for a pre-judgment interest award, or ORS 82.010. In fact, I specifically reviewed the Complaint and the parties' briefing prior to drafting the Judgment to determine whether Old Navy requested pre- or post-judgment interest and, not having seen any specified basis or request for pre-judgment interest, I awarded post-judgment interest.

Old Navy argues its demand for "interest" should be sufficient, but I believe a strict construction of the pleading requirements in this case is appropriate for a number of reasons. First, as I mentioned at the outset, Old Navy suffered no actual damage as a result of CDO's actions. Additionally, pre-judgment interest increases the monetary risk a defendant faces in litigating a case–the additional hazard here was between $108,295 and $136,999–which may prompt a defendant to take a different tact in resolving a case. I note, too, that the requested contractual and statutory rates are significantly higher than prevailing interest rates.

I find there is no basis to amend the Judgment.

## CONCLUSION

Old Navy's Motion for Attorney Fees [57] is granted in part in the amount of $179,340.51, its Bill of Costs [63] is denied, and its Motion to Correct or, Alternatively, Amend Judgment [60] is denied.

IT IS SO ORDERED.

DATED this ____8th_____ day of August, 2012.


    /s/ Garr M. King_____
    Garr M. King
    United States District Judge